IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ADOLFO GARCIA CASTRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 321-077 |
| | ) | |
| STACEY STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McCrae Correctional Institution in McRae Helena, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I. BACKGROUND**

On May 26, 2019, while serving a state sentence, an indictment returned for Petitioner for illegal reentry after deportation in the U.S. District Court for the Northern District of Florida, United States v. Garcia-Castro, No. 3:19cr62-001/MCR (N.D. Fla. 2019); (doc. no. 7-2, Ex. 2, p. 2.) On June 15, 2019 Petitioner was released to the custody of the United States Marshals Service. (Doc. no. 1, p. 2.) Petitioner pled guilty to the single count on July 29,

2019, and United States District Judge W. Casey Rodgers sentenced Petitioner to a total term of thirty-six months in prison on October 15, 2019. (Id.) On October 17, 2019, the United States Marshals Service returned Petitioner to state custody to serve the remainder of his state sentence until April 29, 2020. (Doc. no. 1, p. 2.)

The Bureau of Prisons (BOP) (1) commenced Petitioner's thirty-six-month federal sentence imposed by Judge Rodgers on April 29, 2020; and (2) applied jail credit to the federal sentence from June 15, 2019, through two days subsequent to imposition of the federal sentence, October 17, 2019. (McEvoy Decl. ¶¶ 3-5 & Attach. 1.) Petitioner's projected release date after credit for good conduct time is July 15, 2022. (McEvoy Decl. ¶ 3 & Attach. 1.)

Petitioner filed the instant petition seeking credit for the time period of June 15, 2019 through October 17, 2019. (Doc. no. 1 p. 2.) Respondent moves to dismiss the petition, arguing Petitioner's projected release date is correct because he has in fact already been credited with the jail time between June 15, 2019 an October 17, 2019. (See generally doc. no. 7.)

## II.     DISCUSSION

### A.     Petitioner is Not Entitled to Credit

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested

after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, pp. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Oct. 15, 2020); doc. no. 8-2, p. 45.

3

The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner seeks federal credit for time previously credited to his sentence. (Doc. no. 1.) However, under § 3585(b), time credited to Petitioner's federal sentence once cannot be credited again to his federal sentence. See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence). As explained below, Petitioner's federal sentence commenced the day he was sentenced in federal court by Judge Rodgers, and he has received all prior custody credit he is due for the time spent incarcerated prior to imposition of his federal sentence.

### 1. Commencement of Petitioner's Federal Sentence

The Court starts it analysis with a determination of "the date the sentence commences." According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served." Importantly, "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*) (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)[1]).

---

[1] The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Here, Petitioner's state sentence was interrupted between June 15, 2019 and October 17, 2019, when the United States Marshals Service took primary custody of Petitioner, and Judge Rodgers sentenced Petitioner on October 15, 2019. (McEvoy Decl. ¶¶ 3-5 & Attach. 1.) Petitioner then completed his state sentence on April 29, 2020. Because Petitioner was serving a state sentence at the time Judge Rodgers imposed the federal sentence, Petitioner's federal sentence did not begin to run until the day Petitioner was returned to federal custody on April 29, 2020.

### 2. Prior Custody Credit for Time Served Prior to Commencement of Federal Sentence

Having determined Petitioner's federal sentence commenced on April 29, 2020, the Court turns to the question of prior custody credit. Petitioner asks the Court to award him prior custody credit from June 15, 2019, the day on which the United States Marshals Service temporarily removed Petitioner from state custody pursuant to a federal writ of habeas corpus *ad prosequendum*, until his return to state custody on October 17, 2019. However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," as discussed below, Petitioner is only eligible for, and has already received, prior custody credit for the time between his release to the Untied States Marshals on June 15, 2019, and his return to state custody on October 17, 2019.

As explained above, a writ of habeas corpus *ad prosequendum,* does not interrupt the state's custody. See Butler, 451 F. App'x at 812. Rather, the writ is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey, 621 F.2d at 693; see also Powell v. Jordan, 159 F. App'x 97, 99 (11th Cir. 2005) (*per curiam*) ("[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution,

5

the state government's loss of jurisdiction is only temporary.") (citation omitted)). Accordingly, although the United States Marshals Service temporarily removed Petitioner from state custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosequendum* to answer the federal charges on August 16, 2019, the state's custody was never interrupted. See Butler, 451 F. App'x at 812.

Because the time from June 15, 2019, through October 17, 2019, has already been properly credited against Petitioner's federal sentence, he is not entitled to double credit for that time. See Wilson, 503 U.S. at 337; Shepherd, 683 F. App'x at 855. Petitioner has received 123 days of credit, from June 15, 2019, through October 17, 2019, on his federal sentence for the time he was detained in federal custody prior to the date his federal sentence commenced on April 29, 2020. (McEvoy Decl. ¶¶ 3-5 & Attach. 1.) Therefore, he is not entitled to any additional prior custody credit, and Respondent's motion to dismiss should be granted.

### III.   CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241. Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 25th day of March, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA